UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARILYN P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-5703-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating chronic fatigue syndrome and depression, and erred by discounting her testimony and several lay witness statements. (Dkt. # 12.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1964, has a high school education, and has worked as a respiratory therapist and polysomnographic technician. AR at 48, 523. Plaintiff was last gainfully employed in November 2010. *Id.* at 50.

ORDER - 1

Plaintiff alleges disability as of November 25, 2010. AR at 510. Her applications were denied initially, on reconsideration, and in a May 2015 decision by ALJ Cynthia D. Rosa. *Id.* at 23-38. On appeal to this Court, the matter was remanded for reconsideration of several medical opinions, but the ALJ's rejection of Plaintiff's testimony and three lay witnesses' statements was affirmed. *Id.* at 647-54.

On remand, ALJ Paul Gaughen found Plaintiff had no severe impairments before January 1, 2013. AR at 513. Beginning January 1, 2013, Plaintiff had the severe impairments of major depressive disorder and anxiety. *Id.* at 515. She had the Residual Functional Capacity ("RFC") to perform work with up to six steps of simple or moderately detailed instruction, in a predictable environment, without fast-paced production demands. *Id.* at 517. While she could not perform her past relevant work, she could perform jobs available in significant numbers in the national economy and thus was not disabled. *Id.* at 523-24. The ALJ found that, beginning June 15, 2015, Plaintiff's impairments became disabling. *Id.* at 525-26.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff's counsel devotes a large portion of his briefing to listing pieces of evidence without connecting them to any legal argument. Plaintiff's counsel has been warned innumerable times not to waste the Court's and opposing counsel's time with such bloated briefing. *See, e.g.*, *Ashley H. v. Comm'r of Soc. Sec.*, C18-5755 JLR, 2019 WL 3387451 at *2 (W.D. Wash. Jul. 26, 2019) ("The court has repeatedly admonished Plaintiff's counsel not to summarize the medical evidence without connecting it to a legitimate legal argument.") (citing *John M. v. Comm'r of Soc. Sec.*, C18-5495 RBL, 2019 WL 2005778, at *3 (W.D. Wash. May 7, 2019); *Rachel S. v. Berryhill*, C18-5377 RSL, 2019 WL 1013469, at *4 (W.D. Wash. Mar. 4, 2019)). In fact, in the prior appeal of this case, the court admonished counsel that he "cannot merely make a statement and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts." AR at 651.

### A. The ALJ Did Not Err by Finding Chronic Fatigue Syndrome Not a Medically Determinable Impairment

Plaintiff contends the ALJ erred by finding chronic fatigue syndrome was not a medically determinable impairment based on the lack of a diagnosis from an acceptable medical source. Plaintiff mischaracterizes the record by stating "both Dr. Uy and Dr. Keene diagnosed [Plaintiff] with chronic fatigue syndrome." (Dkt. # 12 at 12-13 (citing AR at 490, 497-98).) In January 2015 Christine Uy, M.D., wrote "Patient appears to have chronic fatigue syndrome." AR at 490. In February 2015, Dr. Uy assessed "Chronic Fatigue Syndrome, probable" and wrote "final d[iagnosis] of Chronic Fatigue will be deferred until after the planned neurology followup." *Id.* at 497-98. Neither constitutes a definite diagnosis.

None of Plaintiff's other citations establish a diagnosis from an acceptable medical source. For example, under "Impression/Plan," Richard W. Tobin, M.D., wrote "Fatigue" with "unclear … cause." AR at 349. Under "Assessment/Plan," Sara Anne Fleming, M.D., wrote "Fatigue and malaise, other," and referred Plaintiff to neurology. *Id.* at 325. W. Daniel Davenport, M.D., wrote Plaintiff "possibly has chronic fatigue syndrome … [b]ut the workup for these problems has not been completed." *Id.* at 355.

Substantial evidence supports the ALJ's finding of no definite diagnosis of chronic fatigue syndrome. Plaintiff attempts to argue she has been diagnosed with "fatigue," but this is a symptom, not a medically determinable impairment. (Dkt. # 12 at 3.) Plaintiff argues the disability determination "does not require definitive diagnoses; the ALJ is required to base his decision on a preponderance of the evidence." (Dkt. # 14 at 3.) But to find chronic fatigue syndrome a medically determinable impairment requires, at a minimum, that "a licensed physician diagnosed [chronic fatigue syndrome]." SSR 14-1p, 2014 WL 1371245, at *4 (Apr. 3, 2014).

ORDER - 4

Plaintiff argues the prior ALJ found chronic fatigue syndrome a severe impairment, and the ALJ "never specifically explains why he disagreed with ALJ Rosa's finding on this issue." (Dkt. # 12 at 6.) The prior decision was reversed on appeal to this Court. AR at 647-54. Plaintiff offers no authority for the proposition that an ALJ must explain all differences with a prior vacated decision.

Plaintiff points to the opinions of Kris Somol, N.D., who opined she was limited to part-time sedentary work based on "extreme fatigue for 2-5 days twice a month" of unknown cause. AR at 476-77. These limitations were expected to last three months. *Id.* at 477. However, the RFC is based only on medically determinable impairments. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments . . . ."). The Court concludes the ALJ did not err by finding chronic fatigue syndrome was not a medically determinable impairment and excluding related opined limitations in the RFC.

### B. The ALJ Did Not Err in Evaluating Depression

Plaintiff argues she was treated for depression as far back as April 2011, and therefore the ALJ erred by determining Plaintiff had no severe medically determinable impairment before 2013. (Dkt. # 14 at 6.) But receiving treatment for an impairment does not establish that there are still remaining symptoms that cause significant limitations. Plaintiff has shown no error in the ALJ's analysis of depression before 2013.

Plaintiff lists clinical findings, such as depressed mood, but fails to connect them to any legal argument. The Court will not attempt to divine a legal argument from a series of factual assertions. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (party must argue an issue "specifically and distinctly" to invoke this court's review). The Court concludes Plaintiff has shown no error in the ALJ's analysis of depression.

**C.     The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

In evaluating a medical opinion, an ALJ must either accept the opinion and incorporate its limitations into the RFC or explain why the opinion was rejected. SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

*1.     Kathleen S. Mayers, Ph.D.*

Examining psychologist Dr. Mayers performed a clinical interview and mental status examination in November 2013. AR at 357-61. She listed mental diagnoses of depressive disorder, adjustment disorder, and possible alcohol abuse, and physical diagnoses of "chronic fatigue, gastroparesis, pain and weakness in her face, neck, hands, wrists, both arms and shoulders, trouble swallowing, a drooping left eye when fatigued, impaired vision with fatigue, [and] impaired visuomotor coordination." *Id.* at 360. Dr. Mayers opined "[i]f her energy is sufficient and her medical issues do not interfere, she could maintain attention and concentration through a normal eight-hour workday." *Id.* at 361.

The ALJ gave "significant weight" to Dr. Mayers' opinion of "no significant workplace limitations." AR at 520. Plaintiff contends the ALJ misinterpreted Dr. Mayers' opinions, because Plaintiff's energy was not sufficient, and therefore her medical issues interfered with attention and concentration. (Dkt. # 12 at 7.) However, the ALJ's interpretation of the record is reasonable and must be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Dr. Mayers is a psychologist, not a medical doctor, and did not attempt to evaluate Plaintiff's physical problems or perform any physical evaluation at all. Dr. Mayers did not opine that Plaintiff's energy was insufficient or her medical issues interfered; she opined that, medical issues aside, mental impairments did not limit attention and concentration. The ALJ relied on medical

ORDER - 6

doctors' examinations and evaluations to determine Plaintiff did not have a severe physical impairment. The ALJ relied on Dr. Mayers' opinions to conclude Plaintiff's mental impairments did not cause significant limitations. The Court concludes Plaintiff has shown no error in the ALJ's analysis of Dr. Mayers' opinions.

### 2. *Patricia Geist*

In July 2017, mental health care provider Ms. Geist opined Plaintiff would be unable to carry out even simple instructions, maintain extended attention, or complete a normal workday and workweek. AR at 1097. The ALJ gave Ms. Geist's opinions "[s]ignificant weight" in determining Plaintiff became disabled in June 2015. *Id.* at 522. Plaintiff contends the ALJ erred by failing to "consider whether this opinion relates back in time…." (Dkt. # 12 at 9.) But nothing in Ms. Geist's opinions indicates it relates back before June 2015. Plaintiff has shown no error.

### 3. *W. Daniel Davenport, M.D.*

Dr. Davenport performed a Physical Disability Evaluation in October 2013, concluding Plaintiff "possibly has chronic fatigue syndrome" but, because "the workup for these problems has not been completed," he could "not justify any severe disability based on [his] exam or the very limited records that [he] reviewed." AR at 355-56. The ALJ gave Dr. Davenport's opinions "some weight," accepting his opinion Plaintiff could perform light work. *Id.* at 520. Plaintiff argues the ALJ erred by failing to incorporate into the RFC Dr. Davenport's statement that her "mental confusion is well established and keeps her from working in the field in which she has training[,] education and experience." *Id.* at 355. But there is no dispute that Plaintiff cannot perform her past work. *Id.* at 523. Plaintiff fails to identify any further limitation required by Dr. Davenport's opinion.

Plaintiff makes the nonsensical statement that the RFC "did not fully account for Dr. Davenport's finding that [Plaintiff] was experiencing moderate anxiety." (Dkt. # 14 at 7.) The ALJ found anxiety a severe impairment and accounted for it with extensive limitations in the RFC such as requiring "a predictable working environment," including "set breaks" and "the benefit of a supervisor," and prohibiting "fast-paced production demands" or a "dangerous industrial setting." AR at 517. Plaintiff fails to identify any other limitation required by her anxiety. The Court concludes Plaintiff has not shown any error in the ALJ's evaluation of Dr. Davenport's opinions.

### D. The ALJ Did Not Err by Discounting Plaintiff's Testimony

The ALJ could discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). As the Commissioner notes, on the previous appeal, the Court upheld the ALJ's rejection of Plaintiff's testimony. AR at 652-53. Plaintiff subsequently testified at hearings held in July 2018 and March 2019.

Plaintiff contends the ALJ erred by discounting her testimony of symptoms "due to the combination of her chronic fatigue syndrome and her depression." (Dkt. # 12 at 12.) However, the RFC is based only on Plaintiff's medically determinable impairments, and chronic fatigue syndrome was not one of them.

The ALJ discounted Plaintiff's mental health symptom testimony as inconsistent with largely normal mental status examinations and evidence her mental impairments were "generally well controlled with medication" until June 2015. AR at 518-20. Substantial evidence supports the ALJ's findings, and these were clear and convincing reasons to discount Plaintiff's testimony. *See, e.g.*, *id.* at 466-69 (normal findings except mood), 489 ("depression … overall

well-controlled"); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Plaintiff argues the ALJ failed to identify actual inconsistencies. (Dkt. # 12 at 12.) But clinical findings concluding that, for example, "[c]ognition and memory are normal" directly contradict Plaintiff's testimony of poor memory and inability to think clearly. AR at 503, 557; *see also id.* at 359 ("memory was average"; "concentration was good"). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

### E.  The ALJ Did Not Err in Evaluating the Lay Witness Statements

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff contends the ALJ erred by failing to discuss the observation of Social Security interviewer L. Jackson that Plaintiff "looked very tired during her interview and appeared to have loss of energy." AR at 181. But on the prior appeal, the Court concluded Plaintiff failed to show harmful error in the failure to address this observation. *Id.* at 653. In the current appeal, Plaintiff does not even attempt to show any harm. The Court concludes the ALJ did not harmfully err by failing to discuss the interviewer's observation.

Plaintiff contends the ALJ erred by discounting the lay witness statements of her friend and her sister. *See* AR 223-30, 256-58. The ALJ discounted the lay witnesses' statements, which were similar to Plaintiff's testimony, in favor of the opinions of "acceptable medical sources" whose opinions were more consistent with the record. *Id.* at 523, 522. For the same reasons addressed regarding Plaintiff's testimony, inconsistency with the record was a germane reason to

discount the lay witnesses' statements. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness.); *Molina*, 674 F.3d at 1122 (affirming where "the lay testimony described the same limitations as [claimant's] own testimony, and the ALJ's reasons for rejecting [claimant's] testimony apply with equal force to the lay testimony" even though the ALJ failed to provide reasons to reject the lay testimony). The Court concludes the ALJ did not err by discounting Plaintiff's friend's and sister's lay witness statements.

### F. The ALJ Did Not Err at Step Five Based on Plaintiff's RFC

Plaintiff contends error at step five based on an inaccurate RFC and incomplete hypothetical to the vocational expert ("VE"). However, because the Court finds no error in the evaluation of the evidence and assessed RFC and, therefore, the corresponding hypothetical to the VE, this restating of Plaintiff's argument fails to establish error at step five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 16th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge